IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:02CR-38 |
| | § | |
| CURTIS DUANE BUTCHER | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
### FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed November 3, 2011, alleging that the Defendant, Curtis Duane Butcher, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on October 29, 2002, before the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, after pleading guilty to the offenses of possession with intent to distribute a schedule V controlled substance and possession of a firearm in furtherance of a drug trafficking crime, a class A misdemeanor and a class A felony, respectively. These offenses carried a statutory maximum imprisonment term of one year for first offense and life for the second offense. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 2 to 12 months for the first offense and 3-60 months for the

second offense. The Defendant was sentenced to 12 months' imprisonment for the first offense and 60 months' imprisonment for the second offense followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include: the Defendant shall not commit any offenses against a foreign state or nation; pay any financial penalty; financial disclosure; no new credit; no gambling; and drug testing and treatment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on February 9, 2008, and began his term of supervised release. On January 29, 2009, this case was reassigned to the Honorable Thad Heartfield, U.S. District Judge in the Eastern District of Texas.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on November 3, 2011, alleging six violations: 1) in violation of his mandatory condition that he not commit another federal, state, or local crime, the Defendant was arrested by the Beaumont Police Department for possession of marijuana less then or equal to five pounds, but greater than four ounces; 2) for the same facts alleged in the first violation, the Defendant violated a mandatory condition that he not illegally possess a controlled substance; 3) the Defendant also traveled to Houston, Texas to obtain the marijuana found in his possession, which is in violation of the standard condition that he not leave the judicial district without permission; 4) the Defendant failed to report to the probation office and failed to submit several written monthly reports in violation of a standard condition; 5) the Defendant failed to notify the probation officer ten days prior to his change in residence in violation of a standard condition; and 6) the Defendant violated a standard condition that he notify the probation officer within seventy-two hours of being arrested or questioned by a

law enforcement officer when he was questioned by the Beaumont Police Department on October 4th and 6th, 2011, as well as for the pending charge on August 17, 2011.

### IV. Proceedings

On October 3, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the sixth allegation, which asserted that he violated a standard condition of supervised release, to wit: "The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eleven (11) months' imprisonment with no term of supervised release to be imposed after release.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

       corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is III. Policy guidelines suggest 5 to 11 months' imprisonment. The Defendant repeatedly did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

As such, incarceration appropriately address the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eleven (11) months' imprisonment.

### VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of eleven (11) months with no supervised release to follow.

4. The court should recommend that the Defendant be incarcerated in the El Reno, Oklahoma Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 3rd day of October, 2012.

_____
Zack Hawthorn
United States Magistrate Judge